UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2011 NOV 16 P 4: 29

SECURITIES AND EXCHANGE )
COMMISSION, )
 )
 )
 Plaintiff, ) Civil Action No. 11-cv-532-
 )
v. )
NEW FUTURES TRADING )
INTERNATIONAL CORPORATION, )
and HENRY ROCHE, )
 )
 Defendants. )

[proposed] ~JL 11/14/11

**TEMPORARY RESTRAINING ORDER,
ORDER FREEZING ASSETS
AND ORDER FOR OTHER EQUITABLE RELIEF**

Having considered the emergency *ex parte* motion for a temporary restraining order, order freezing assets, and order for other equitable relief filed by plaintiff Securities and Exchange Commission ("the Commission"), as well as the Complaint, the Commission's memorandum of law and accompanying evidentiary materials, and argument, the Court finds that the Commission has made a proper *prima facie* showing that: (1) defendants Henry Roche ("Roche") and New Futures Trading International Corporation ("New Futures") have directly or indirectly engaged in the violations alleged in the Complaint; (2) there is a reasonable likelihood that these violations will be repeated; (3) unless restrained and enjoined by Order of this Court, Roche and New Futures may dissipate, conceal or transfer from the jurisdiction of this Court assets which could be subject to an order of disgorgement or an order to pay a civil monetary penalty in this action; and (4) entry of a temporary restraining order, order freezing assets, and order for other equitable relief, including an accounting and repatriation of assets, is necessary to

preserve the status quo. In consideration of the foregoing, the Court being fully advised in the premises, and pending determination of the Commission's motion for a preliminary injunction:

### I.

**IT IS HEREBY ORDERED** that Roche and New Futures and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are restrained from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] by, directly or indirectly, through the use of any means or instrumentalities of interstate commerce or the mails or of any facility of any national securities exchange,

    (a)    employing any device, scheme or artifice to defraud;

    (b)    obtaining any money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in the offer or sale of any securities.

### II.

**IT IS HEREBY FURTHER ORDERED** that Roche and New Futures and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via

facsimile or email transmission, or overnight delivery service, are restrained from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] by, directly or indirectly, through the use of the means or instrumentalities of interstate commerce or of the mails or of any facility of any national securities exchange,

    (a)    employing any device, scheme or artifice to defraud;

    (b)    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

### III.

**IT IS HEREBY FURTHER ORDERED** that Roche and New Futures and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are restrained from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus

or otherwise;

(b)  Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)  Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

### IV.

**IT IS HEREBY FURTHER ORDERED** that:

A.  Roche and New Futures and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, shall hold and retain funds and other assets of defendants presently held by them, for their direct or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or

diminution in value of any such funds or other assets, which are hereby frozen; and

  B. All banks, brokerage and other financial institutions (including but not limited to Citizens Bank, Sovereign Bank, and Bank of America) and other persons or entities (including but not limited to the following entities: Fingland Stables, Linda Adlof Ranch, Oswald Stallion Station, Bob Loomis Quarter Horses, McQuay Stables, Rancho Oso Rio, Stoneride Farm, Fappini Performance Horses, and Vallejo III, Inc.) which receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of defendants or over which defendants exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen.

  C. The above Paragraphs IV.A and IV.B shall immediately cease to apply to any assets located within the United States, including any bank, brokerage or other financial institution account, which becomes subject to any later order entered by any federal court as a result of proceedings which may be filed by the United States or any department or agency thereof under any federal civil or criminal forfeiture statute, to the extent such later order requires the transfer of any asset to the United States government.

## V.

**IT IS HEREBY FURTHER ORDERED** that all persons who hold or possess the direct or indirect proceeds of the misconduct described in the Complaint, in whatever form such funds or other assets may presently exist and wherever located, who receive actual notice of this Order, by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, shall hold and retain such funds and assets and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen.

## VI.

**IT IS HEREBY FURTHER ORDERED** that Roche and New Futures shall submit in writing and serve upon the Commission, within five (5) business days following service of this Order upon them, an accounting identifying:

1.     all transfers or payments of funds to them or any other entity controlled by them from investors or clients in connection with the misconduct described in the Complaint (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, and the name, address, account number and financial institution of the party making and the party receiving the transfer or payment);

2.     in detail, the precise disposition of each transfer or payment identified in response to paragraph 1 above and all assets derived therefrom, including but not limited to:

        a.     the nature and results of any investment in which the funds were used;

        b.     any subsequent transfer or payment of the funds (the identification shall

      include the amount of each such transfer or payment, the date of the transfer or payment, the name, address, account number and financial institution of the party making and receiving the transfer or payment, and the reason for the transfer or payment); and

  c. any fees or expenses charged and a detailed statement of the nature and purpose of such fees and expenses.

3. by name and address, all persons, entities and accounts currently holding funds or assets derived from the transfers or payments described in paragraph 1 above and the reason each received the funds or assets (the identification shall include the amount each received, the date received, the reason received, the institution and account number or location in which the funds or other assets are held and the name, address, account number and financial institution of the person or entity who provided each with the funds or other assets);

4. assets of every type and description with a value of at least five hundred dollars ($500) presently owned by or held for the direct or indirect benefit, or subject to the direct or indirect control, of Roche and New Futures, whether in the United States or elsewhere; and

5. all accounts held at any bank, brokerage or other financial institution in the United States or elsewhere in the name, for the direct or indirect benefit, or under the direct or indirect control, of Roche or New Futures, or in which Roche or New Futures has or had any direct or indirect beneficial interest, at any time from January 1, 2011 to the present.

## VII.

**IT IS HEREBY FURTHER ORDERED** that Roche shall submit in writing to the Commission, within three (3) business days following service of this Order upon them, a list of

all street and mailing addresses (including without limitation postal box numbers), telephone or facsimile transmission numbers (including without limitation pagers and mobile telephones), electronic mail addresses, safety deposit boxes, and storage facilities used by him or under his direct or indirect control, at any time since January 1, 2011.

## VIII.

**IT IS HEREBY FURTHER ORDERED** that Roche and New Futures and each of their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, and each of them, shall, within five (5) days of receiving actual notice of this Order, take such steps as are necessary to repatriate and deposit into the registry of the Court in an interest bearing account, any and all funds or assets that presently may be located outside of the United States that were obtained directly or indirectly from investors.

## IX.

**IT IS HEREBY FURTHER ORDERED** that Roche and New Futures and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are hereby prohibited from soliciting, accepting, or depositing any monies obtained from actual or prospective investors pending the resolution of this action.

## X.

**IT IS HEREBY FURTHER ORDERED** that Roche and New Futures and each of their

agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are hereby restrained from destroying, mutilating, concealing, altering, disposing, or transferring custody of any items, including but not limited to any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media or other property relating to defendants or the misconduct described in the Complaint.

## XI.

**IT IS HEREBY FURTHER ORDERED** that the Commission, notwithstanding the provisions of Fed. R. Civ, P. 26(d) and the Local Rules of this Court, may commence discovery immediately. In the event the Commission chooses to depose any witnesses prior to any hearing on the Commission's requests for temporary or preliminary relief, such witnesses shall be required to appear for a deposition on three business days notice. Such depositions shall not count towards any of the limits on depositions set forth in the Federal Rules of Civil Procedure or the Local Rules, including but not limited to Fed. R. Civ. P. 30 (a)(2)(A) and 30(d)(2). Moreover, notwithstanding the provisions of Fed. R. Civ. P. 30(a)(2)(B), the Commission shall be entitled to depose these witnesses again during the discovery period.

_____
UNITED STATES DISTRICT JUDGE

Dated: November 16th, 2011