UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Securities and Exchange
Commission

    v.                                Civil No 11-cv-532-JL
                                        Opinion No. 2012 DNH 073

New Futures Trading
International Corporation
and Henry Roche

**SUMMARY ORDER**

    The Securities and Exchange Commission brought this action to enforce the federal securities laws against defendants New Futures Trading International Corporation and Henry Roche, alleging that Roche controlled the operations of New Futures as part of a scheme to defraud investors. Specifically, the SEC claims that Roche solicited monies by falsely representing that they would be invested in stocks or bonds traded through New Futures, when in fact he used those funds to repay investors in other schemes or to operate a horse ranch in Ontario, Canada. The SEC further claims that, in providing some of the investors in this scheme with promissory notes purportedly issued by New Futures, the defendants were dealing in unregistered securities, a further violation of federal law.

    On January 31, 2012, this court, acting on motions by the SEC, entered default against New Futures and Roche for failing to answer or otherwise respond to the SEC's complaint. Order of

Jan. 31, 2012.  The court also ordered the SEC to file a motion for a default judgment and scheduled a damages hearing.  The SEC later filed that motion, together with proposed final judgments against each of New Futures and Roche.

The SEC also informed the court, however, that a damages hearing would be unnecessary since Roche is believed to be a fugitive from justice--he has been indicted on criminal charges arising out of the same conduct at issue here--and therefore would in all likelihood not appear at any hearing.  Indeed, neither Roche nor New Futures appeared at an earlier hearing the court conducted in this case, on the SEC's motion for preliminary injunction; nor, for that matter, has either appeared in this action at any point through counsel or otherwise.  Accordingly, the court will formulate the default judgment without conducting a hearing.  See Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 64 (1st Cir. 2002) ("Discretion as to the judgment or the need for a hearing on damages is vested with the district court.").

Through its complaint, and its motion for default judgment, the SEC seeks three forms of final relief authorized by the federal securities laws or this court's equitable powers:  (1) a permanent injunction against the defendants' future violations of those laws, see 15 U.S.C. §§ 77t(b), 78u(d)(1); (2) disgorgement of their ill-gotten gains, together with interest on those sums,

see, e.g., SEC v. First Jersey Secs., Inc., 101 F.3d 1450, 1474-77 (2d Cir. 1995); and (3) a monetary penalty, see 15 U.S.C. §§ 77t(d), 78u(d)(3).  These requests are granted.

Because default has entered, the defendants are "taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability." Ortiz-Gonzalez, 277 F.3d at 62-63 (quotation marks omitted).  Based on those allegations, and the declaration submitted with the motion for default judgment, the SEC is entitled to its sought-after permanent injunctive relief and civil disgorgement in the amount of $1,268,907.48 (including $40,917.47 in interest as of the date the motion was filed, February 29, 2012).

The SEC is also entitled to the imposition of a monetary penalty against each of the defendants under 15 U.S.C. §§ 77t(d) and 78u(d)(3).  Each of these provisions authorizes a penalty for "any violation" of the relevant securities laws, with "[t]he amount of the penalty [to] be determined by the court in light of the facts and circumstances."  The statutes provide that, "[f]or each violation, the amount of the penalty shall not exceed the greater of (I) $5,000 . . . or (II) the gross amount of pecuniary gain to such defendant," though this limit increases to $150,000 (or the amount of the gain) if the violation "involved fraud, deceit, manipulation, or deliberate or reckless disregard of a

regulatory requirement; and . . . directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons."[1]

The allegations of the SEC's complaint establish that the defendants' conduct as a whole "involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement; and . . . directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons" so as to warrant a penalty of $150,000 per violation.  Those allegations do not indicate, however, how many separate violations of the securities laws the defendants perpetrated, and the SEC provides no guidance on this issue in its motion for default judgment, saying simply, as to the penalty, that "[t]he exact amount is for this Court's discretion."  Accordingly, the court imposes a total civil penalty of only $150,000 against each defendant.

---

[1] The SEC notes that, as required by the Debt Collection Improvement Act of 1996, it increased the applicable maximum penalty from $100,000 to $150,000 for each violation occurring after March 3, 2009.  See 17 C.F.R. § 201.1004 & pt. 201 subpt. E tbl. IV.  The specific conduct alleged in the amended complaint occurred after that date.  The statutes allow higher penalties against a defendant who is not a natural person, such as New Futures, but because the SEC seeks a penalty of no more than $150,000 per violation the court has not considered any higher amount (based either on this or on the amount of the gain).

Finally, the SEC's proposed final judgments provide that the SEC "may enforce [the provisions] for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry."  But Rule 69(a) of the Federal Rules of Civil Procedure provides that "[a] money judgment is enforceable by a writ of execution, unless the court directs otherwise," and "a money judgment is not a personal order to the defendant that normally is enforceable by contempt."  12 James Wm. Moore et al., Federal Practice & Procedure § 3011, at 141 & n.9 (2d ed. 1997); see also 17 C.J.S. Contempt § 15, at 36 (1999).  Indeed, as these sources recognize, holding a debtor in contempt for failing to pay a money judgment against him would essentially amount to putting him in "debtors' prison"--a practice that is not recognized in the United States (though practitioners of securities fraud may find themselves in prison for the criminal nature of their conduct, of course).

The SEC does not provide any basis for holding the defendants in contempt for failing to satisfy the monetary aspects of the proposed judgments.  So the court strikes the provision of the proposed judgments allowing the SEC to move for contempt against the defendants if they fail to satisfy their disgorgement and interest obligations.

This is not intended to affect, however, the SEC's ability to enforce the judgment through a writ of execution and the proceedings in aid of execution available under applicable law. See Fed. R. Civ. P. 69(a).  Nor is it intended to affect the SEC's ability to move for contempt against the defendants for violating other provisions of the proposed judgments, including those enjoining the defendants from further violations of the securities law or, for that matter, the provision requiring each defendant to pay the civil penalty--as opposed to disgorgement or the associated interest--within 14 days.  Because the provisions of the federal securities laws authorize this court to order payment of the penalty, see 15 U.S.C. §§ 77t(d)(3)(A) and 78u(d)(3)(C)(i), this court can hold the defendants in contempt for failing to comply with that order.  See 12 Moore, supra, § 3011, at 141 & n.8 (citing Laborers' Pension Fund v. Dirty Work Unlimited, Inc., 919 F.2d 491, 494 (7th Cir. 1990)); see also United States v. Garden Homes, Inc., 144 F. Supp. 644 (D.N.H. 1956) (imposing civil contempt for violation of court order to pay specific sum).  So each defendant will be ordered to pay the penalty within 14 days of the judgment, as proposed by the SEC.

Accordingly, the SEC's motion for default judgment[2] is GRANTED to the extent set forth in this order and otherwise

---

[2] Document no. 22.

DENIED. The proposed default judgments[3] shall be entered with the modifications set forth herein, and the case shall be closed.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: April 20, 2012

cc: Deena R. Bernstein, Esq.

---

[3]Document nos. 22-3 and 22-4.